IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | |
|---|---|
| OSAMA ABDELHAMID, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Civil Action No. 1:24-cv-1553 (RDA/IDD) |
| ) | |
| SUMMIT RIDGE ENERGY, LLC, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This matter comes before the Court on *pro se* Plaintiff Osama Abdelhamid's Motion for Equitable Tolling (Dkt. 4) and Defendant Summit Ridge Energy LLC's Motion to Dismiss (Dkt. 6). This Court has dispensed with oral argument as it would not aid in the decisional process. *See* Fed. R. Civ. P. 78(b); Local Civil Rule 7(J). This matter has been fully briefed and is now ripe for disposition. Considering the Motions together with Plaintiff Osama Abdelhamid's Complaint (Dkt. 1), Defendant's Memorandum in Support (Dkt. 7), Plaintiff's Opposition Brief (Dkt. 10), and Defendant's Reply Brief (Dkt. 11), this Court DENIES the Motion for Equitable Tolling and GRANTS-IN-PART and DENIES-IN-PART the Motion to Dismiss for the reasons that follow.

I. BACKGROUND

A. Factual Background[1]

Plaintiff asserts that he was hired by Defendant as a contracts manager on June 24, 2023. Dkt. 1-1 at 1. In August 2023, Steven Belheimer became Plaintiff's supervisor. *Id.* at 2. Plaintiff

---

[1] For purposes of considering the instant Motion to Dismiss, the Court accepts all facts contained within the Complaint and attachments as true, as it must at the motion-to-dismiss stage. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

asserts that Belheimer, as well as Plaintiff's prior supervisor (Mike Dillon), "subjected Plaintiff to unfair treatment, imposing unreasonable deadlines and hindering Plaintiff's ability to perform his duties." *Id.* In December 2023, Plaintiff was placed on a performance improvement plan ("PIP"), which Plaintiff asserts did not contain clear goals. *Id.*

On February 6, 2024, Plaintiff was terminated from his position "for alleged performance issues, despite the fact that Plaintiff received no constructive feedback during the PIP." *Id.* Plaintiff asserts that he "believes he was subjected to these adverse employment actions due to his national origin (Egyptian) and his religion (Muslim)." *Id.*

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission (the "EEOC") on June 4, 2024. *Id.* at 1. On June 5, 2024, the EEOC issued a Notice of Right to Sue. *Id.*

B. Procedural Background

On September 4, 2024, Plaintiff filed his Complaint. Dkt. 1. That same day Plaintiff filed his Motion for Equitable Tolling. Dkt. 4. In his Motion, Plaintiff asserts that he was required to file his Complaint on or before September 3, 2024. *Id.* Plaintiff asserts that he failed to do so due to "unforeseen personal and family circumstances, as well as technical difficulties encountered when filing online." *Id.*

On September 27, 2024, Defendant filed its Motion to Dismiss. Dkt. 6. On October 11, 2024, Plaintiff filed his Opposition. Dkt. 10. On October 21, 2024, Defendant filed its Reply. Dkt. 11.

II. STANDARD OF REVIEW

To survive a motion to dismiss brought under Federal Rule of Civil Procedure 12(b)(6), a complaint must set forth "a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*,

2

550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleaded factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). When reviewing a motion brought under Rule 12(b)(6), a court "must accept as true all of the factual allegations contained in the complaint," drawing "all reasonable inferences" in the plaintiff's favor. *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011) (citations omitted). "[T]he court 'need not accept the [plaintiff's] legal conclusions drawn from the facts,' nor need it 'accept as true unwarranted inferences, unreasonable conclusions, or arguments.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Kloth v. Microsoft Corp.*, 444 F.3d 312, 319 (4th Cir. 2006)). Additionally, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Generally, courts may not look beyond the four corners of the complaint in evaluating a Rule 12(b)(6) motion. *See Goldfarb v. Mayor & City Council of Baltimore*, 791 F.3d 500, 508 (4th Cir. 2015).

### III. ANALYSIS

Plaintiff seeks equitable tolling with respect to the 90-day deadlines for filing his complaint in this action. Defendant seeks to dismiss the case on the basis that Plaintiff failed to properly serve Defendant and based on Plaintiff's failure to state a plausible claim of religious or national origin discrimination. The Court will address each argument in turn.

#### A. Equitable Tolling

Defendant has not opposed Plaintiff's Motion for Equitable Tolling. Plaintiff asserts that he missed the deadline for filing his complaint by one day. Generally, to maintain a cause of action under the antidiscrimination statutes, a plaintiff must bring suits within 90 days of the receipt of

the right to sue letter from the EEOC. The Supreme Court has established that the 90-day limitations period is subject to equitable tolling. *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982). However, the Supreme Court has only recognized the application of equitable tolling in limited situations and not in cases "where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151 (1984)). Here, Plaintiff has failed to indicate what specific circumstances prevented him from timely filing his Complaint in this action. *See* Dkt. 4 ¶ 5 (citing "unforeseen personal and family circumstances, as well as technical difficulties encountered while filing online"). Moreover, Plaintiff has also failed to explain how he acted diligently throughout the 90-day period to preserve his legal rights. *See id.* ¶ 6 (stating only that he "timely fil[ed] with the EEOC and promptly prepar[ed] to file the Complaint in federal court). Accordingly, at this stage, Plaintiff's Motion will be denied.[2]

B. Service of Process

Defendant first moves to dismiss on the basis of ineffective service of process. Assuming that service here was insufficient, when a defendant has actual notice of the claim, "the rules, in general, are entitled to a liberal construction." *Armco, Inc. v. Penrod–Stauffer Bld. Sys., Inc.*, 733 F.2d 1087, 1089 (4th Cir.1984). "When there is actual notice, every technical violation of the rule or failure of strict compliance may not invalidate the service of process." *Id.* However, "the rules are there to be followed, and plain requirements for the means of effecting service of process may not be ignored." *Id.* "'[T]he real purpose of service of process is to give notice to the defendant that he is answerable to the claim of the plaintiff,' and . . . 'where actual notice of the

---

[2] The Court notes that Defendant did not seek to dismiss the Complaint on this basis. Moreover, because this is not a jurisdictional defect, the Court does not *sua sponte* address whether dismissal on this basis would be proper.

commencement of the action and the duty to defend has been received by the one served,' service under Rule [4(e)] 'should be liberally construed to effectuate service and uphold the jurisdiction of the court . . . .'" *United States v. Ragin*, 113 F.3d 1233, *3 n.2 (4th Cir. 1997).

Here, even based on the facts alleged by Defendant, Plaintiff took steps reasonably calculated to give notice to Defendant. Defendant asserts that "Defendant received Plaintiff's Complaint filed in the above-captioned action" on September 6, 2024, "via United States Postal Service Certified Mail." Dkt. 7-1 at 1 ¶ 4. The mailing was addressed to "Summit Ridge Energy, Attn Legal Department." Dkt. 7-3 at 58. Judges in this District have recognized that similar attempts at service are sufficient to provide personal jurisdiction over a defendant, even where Rule 4 was not strictly obeyed. *See MJL Enter., LLC v. Laurel Gardens, LLC*, 2015 WL 6443088, at *5 (E.D. Va. Oct. 23, 2015). Indeed, Defendant explicitly relied on the *MJL* case, which denied a motion to dismiss, in its Motion. Dkt. 7 at 3.[3] Accordingly, the Motion to Dismiss is denied in this regard.

### C.  Allegations of Discrimination

Although Plaintiff need not plead a *prima facie* case of national origin or religious discrimination, Plaintiff must plead facts which support an inference of discrimination on either

---

[3] Even if the Court declined to follow the *MJL* case, the Court would not dismiss this case on the basis of insufficient service. Rather, the Court would construe the Motion to Dismiss as a motion to quash and would direct Plaintiff to attempt service again. *See Vorhees v. Fischer & Krecke*, 697 F.2d 574, 576 (4th Cir. 1983) (quoting *Baily v. Boilermakers Local 667 of Int'l Brotherhood of Boilermakers*, 480 F. Supp. 274, 278 (N.D. W. Va. 1979) ("If the first service of process is ineffective, a motion to dismiss should not be granted, but rather the Court should treat the motion in the alternative, as one to quash the service of process.")); *Grant v. Prince George's Cnty. Dep't*, 2016 WL 3541239, at *4 (D. Md. June 29, 2016) (interpreting motion to dismiss as motion to quash and granting *pro se* plaintiff another opportunity to effectuate service "in the interest of justice, and given [p]laintiff's *pro se* status"); *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 653 (S.D. W. Va. 2012) ("Although [defendant] urges the court to dismiss it from this action, the court finds the appropriate remedy under the circumstances to be to quash the service of process upon [defendant]." (citation omitted)).

basis so as to plausibly state a claim. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 510-15 (2002) (noting that the "prima facie case under *McDonnell Douglas* . . . is an evidentiary standard, not a pleading requirement"); *Iqbal*, 556 U.S. at 680 (holding that plaintiffs are required to plead facts that "nudge" their claims "across the line from conceivable to plausible"). As judges in this District have previously acknowledged, "[r]ace, national origin, and religion are 'ideologically distinct.'" *Sarraj v. N. Virginia Elec., Coop.*, 2022 WL 2820553, at *6 (E.D. Va. July 18, 2022). Thus, even following *Swierkiewicz*, Plaintiff must still plead adequate facts to create a plausible inference that he suffered both national origin discrimination and religious discrimination. *Abreu v. N. Am. P'ners in Anesthesia, LLP*, 2023 WL 5959430, at *11 (E.D. Va. Sept. 12, 2023).

Here, all of Plaintiff's allegations with respect to discrimination are conclusory. Although Plaintiff lays forth his feelings of unfair treatment, Plaintiff sets forth no facts which support his belief that such treatment was based on his religion or his national origin. Indeed, Plaintiff does not even allege that his purportedly biased supervisors were aware of his national origin or religion. It is not enough that Plaintiff allege unfair treatment, unless he plausibly alleges that such unfair treatment was based on a characteristic protected by Title VII. *Cox v. Rumsfeld*, 369 F. Supp. 2d 748, 758 (E.D. Va. 2005) (recognizing that "personality conflicts and unfair treatment arise routinely in employment relationships" and are not alone sufficient to state a claim under the antidiscrimination statutes). Moreover, Plaintiff's allegations of unfair treatment are themselves conclusory. Plaintiff makes no allegations of fact that would support that his treatment was unfair. Accordingly, Plaintiff's claims of national origin and religious discrimination will be dismissed.

## IV. CONCLUSION

In sum, Plaintiff has failed to state a claim of national origin or religious discrimination. Additionally, because Defendant has not addressed futility of amendment, the Court cannot, at this

stage, say that amendment would be futile. Thus, the Court will provide Plaintiff with the opportunity to amend his Complaint. Plaintiff is warned, however, that further requests for amendment will not be granted lightly or, perhaps, at all.

Accordingly, for the foregoing reasons, it is hereby ORDERED that Defendant's Motion to Dismiss (Dkt. 6) is GRANTED-IN-PART and DENIED-IN-PART. The Motion is granted insofar as Plaintiff has failed to state a claim. The Motion is denied insofar as Defendant sought to dismiss for insufficient service; and it is

FURTHER ORDERED that the Complaint (Dkt. 1) is DISMISSED without prejudice; and it is

FURTHER ORDERED that the Motion for Equitable Tolling (Dkt. 4) is DENIED; and it is

FURTHER ORDERED that Plaintiff may file any Amended Complaint within TWENTY-ONE (21) DAYS of the entry of this Memorandum Opinion and Order. If Plaintiff fails to file an Amended Complaint by that date, Plaintiff is hereby WARNED that his case may be dismissed for failure to prosecute pursuant to Federal Rule of Civil Procedure 41.

It is SO ORDERED.

Alexandria, Virginia
September 29, 2025

/s/
Rossie D. Alston, Jr.
United States District Judge